

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PP:LAB/LM
F. #2018R00550/ OCEDETF# NY-NYE-875

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 17, 2024

By ECF

Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Alex Levin
     Criminal Docket No. 21-208 (LDH)

Dear Judge DeArcy Hall:

   Trial in the above-referenced case against defendant Alex Levin is scheduled for June 3, 2024. The government respectfully writes to inform the Court that the government only intends to proceed on and introduce evidence of (a) one of the five specified theories of liability and (b) one of the two specified unlawful activities enumerated in the money laundering conspiracy charge in Count One of the Indictment in this matter, attached hereto as Exhibit A.

   On April 15, 2021, a grand jury returned the Indictment against Val Cooper, Alex Levin, and Garri Smith (collectively, "the defendants")[1] charging the defendants with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and conspiracy to violate the Travel Act, in violation of 18 U.S.C. §§ 1952(a) and 371. In relevant part, Count One of the Indictment states:

> In or about and between March 2015 and October 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VAL COOPER, also known as "Val Konon" and "Valeriy Kononenko," ALEX LEVIN and GARRI SMITH, also known as "Igor Berk" and "Igor Berkovich," together with others, did knowingly and intentionally conspire (i) to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, to wit: (a) offenses against one or more foreign nations involving fraud,

---

[1] Cooper pleaded guilty to Count One of the Indictment on February 3, 2022, and is awaiting sentencing, and Smith pleaded guilty to Count One of the Indictment on June 1, 2022, and was sentenced on January 25, 2024.

and one or more schemes and attempts to defraud, by and against one or more foreign banks, in violation of the laws of the Ukraine, Russia, North Macedonia, Moldova, Latvia, Uzbekistan, Azerbaijan and France, as defined in Title 18, United States Code, Section 1956(c)(7)(B)(iii); and (b) offenses with respect to which the United States would be obligated by a multilateral treaty to extradite the alleged offender and to submit the case for prosecution, if the offender were found within the territory of the United States, in violation of the laws of North Macedonia, Latvia and France, as defined in Title 18, United States Code, Section 1956(c)(7)(B)(vi) (collectively, the "Specified Unlawful Activities"), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (I) with the intent to promote the carrying on of specified unlawful activity, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (II) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); (ii) to transport, transmit and transfer monetary instruments and funds from one or more places in the United States to one or more places outside the United States, and to one or more places in the United States from one or more places outside the United States, (a) with the intent to promote the carrying on of specified unlawful activity, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1956(a)(2)(A); and (b) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of illegal activity, and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i); and (iii) to engage in monetary transactions in and affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1957(a).

(Title 18 United States Code, Sections 1956(h) and 3551 et seq.)

Enumerated within Count One are five objects of the alleged money laundering conspiracy:

(1) to conduct a financial transaction involving property constituting the proceeds of specified unlawful activity with an intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

(2) to conduct a financial transaction involving property constituting the proceeds of specified unlawful activity knowing that the transaction is designed to

       conceal or disguise the nature of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

(3) to transport, transmit or transfer funds internationally with an intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(A);

(4) to transport, transmit or transfer funds internationally knowing that the funds represented proceeds from some form of unlawful activity and knowing that such transportation, transmission and transfer was designed to conceal or disguise the nature of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); or

(5) to engage in a monetary transaction involving property of a value greater than $10,000 that was derived from specified unlawful activity, with knowledge that the property was criminally derived, in violation of 18 U.S.C. § 1957(a).

      The conspiracy charged in Count One alleges more than one objective, that is, multiple ways in which the defendants and their co-conspirators conspired to commit money laundering. The government need not prove that the defendant entered into an agreement to accomplish all five of the unlawful objectives alleged. If the jury found unanimously that the defendant agreed to commit any one of these five objectives, then this Count would be proved. See United States v. Berger, 224 F.3d 107, 113 (2d Cir. 2000) ("The district court was correct as a matter of law to charge that the government needed only to prove agreement on one of the objectives charged in the indictment in order to establish that a conspiracy existed."); Sand Modern Federal Jury Instructions-Criminal P 9.07 (2023) ("[T]he government need not prove both of those were objectives of the conspiracy for you to find the defendant guilty of the conspiracy count. It is sufficient if you find beyond a reasonable doubt that the defendant committed one or the other in order to convict the defendant on the conspiracy count. However, in order to convict the defendant on this count, all twelve of you must agree on the specific object the defendant agreed to try to accomplish.").

      At trial, the government will only seek to prove the defendant agreed to commit the fifth object charged in Count One: that the defendant engaged in a monetary transaction involving property of a value greater than $10,000 that was derived from specified unlawful activity, with knowledge that the property was criminally derived. Crucially, proceeding in this fashion subjects the defendant to a lower statutory maximum penalty (10 years' imprisonment as opposed to 20 years' imprisonment) and a lower United States Sentencing Guidelines range. Proceeding in this manner is also entirely consistent with firmly-established case law that the government need only prove one object of a conspiracy beyond a reasonable doubt.[2] In addition,

---

[2] Because the government's approach will necessarily narrow the proof at trial (and not expand the case), it is not an improper constructive amendment of the Indictment. See United States v. Dove, 884 F.3d 138, 146 (2d Cir. 2018) ("An indictment is not constructively amended, however, where a portion of the indictment that is unnecessary for a conviction of the crime charged is removed or altered."); United States v. Roshko, 969 F.2d 1, 5 (2d Cir. 1992) (noting

3

it will streamline the government's presentation of evidence and result in simpler jury instructions.

For similar reasons, the government also plans only to introduce evidence of the first specified unlawful activity alleged in Count One at trial, even though two are included, and will request a jury instruction to that effect. The two specified unlawful activities in Count One are as follows:

> (1) to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, to wit: (a) offenses against one or more foreign nations involving fraud, and one or more schemes and attempts to defraud, by and against one or more foreign banks, in violation of the laws of the Ukraine, Russia, North Macedonia, Moldova, Latvia, Uzbekistan, Azerbaijan and France, as defined in Title 18, United States Code, Section 1956(c)(7)(B)(iii); and
>
> (2) offenses with respect to which the United States would be obligated by a multilateral treaty to extradite the alleged offender and to submit the case for prosecution, if the offender were found within the territory of the United States, in violation of the laws of North Macedonia, Latvia and France, as defined in Title 18, United States Code, Section 1956(c)(7)(B)(vi).

Instructing the jury on two specified unlawful activities would be redundant and unnecessary as the jury only need to agree as to one specified unlawful activity to convict the defendant of Count One. See United States v. Maher, 108 F.3d 1513, 1526 (2d Cir. 1997) (the government need only prove that he "kn[e]w[ ] that the property ... represent[ed] the proceeds of *some form* of unlawful activity.") Courts in this District also routinely instruct juries that "and" means "or" when interpreting language in indictments. Here, proceeding with one specified unlawful activity would eliminate unnecessary redundancy and streamline the government's presentation of evidence.

In sum, the government believes that in addition to being legally proper, proceeding by providing evidence as to (a) one object of the money laundering conspiracy and (b) one of the enumerated specified unlawful activities in Count One of the Indictment will both streamline the presentation of evidence and require significantly simpler jury instructions in furtherance of the aims of judicial economy without prejudice to the defendant.

---

that an indictment is constructively amended where the proof at trial broadens the basis of conviction beyond the indictment).

The government has conferred with defense counsel and defense counsel takes no position regarding the government proceeding in the manner described herein.

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

By:    /s/_____
            Lauren A. Bowman
            Lorena Michelen
            Assistant U.S. Attorneys
            (718) 254-6047/6475

# EXHIBIT A

NS:KDE/JL
F.# 2018R00550/OCDETF# NY-NYE-875

***FILED***
12 30 pm, Apr 15, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

VAL COOPER,
    also known as "Val Konon" and
    "Valeriy Kononenko,"
ALEX LEVIN and
GARRI SMITH,
    also known as "Igor Berk" and
    "Igor Berkovich,"

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T
**1:21-cr-00208(WFK)(RML)**
Cr. No. _____
(T. 18, U.S.C., §§ 371, 982(a)(1),
982(b)(1), 1956(h) and 3551 et seq.; T.
21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.     The defendant VAL COOPER, also known as "Val Konon" and "Valeriy Kononenko," was a resident of Staten Island, New York.

2.     The defendant ALEX LEVIN was a resident of Brooklyn, New York.

3.     The defendant GARRI SMITH, also known as "Igor Berk" and "Igor Berkovich," was a resident of Brooklyn, New York.

4.     In or about and between March 2015 and October 2019, the defendants VAL COOPER, also known as "Val Konon" and "Valeriy Kononenko," ALEX LEVIN and GARRI SMITH, also known as "Igor Berk" and "Igor Berkovich," together with others,

participated in a bank theft and money laundering scheme resulting in the theft of tens of millions of dollars of currency and other property from safe deposit boxes at multiple banks located outside of the United States, including in Eastern Europe. In furtherance of this scheme, the defendants and their co-conspirators, operating in the Eastern District of New York and elsewhere, targeted foreign banks that appeared to lack certain security features, including video surveillance cameras in certain areas. The defendants and their co-conspirators rented and caused to be rented safe deposit boxes at the targeted banks by posing as legitimate customers. Thereafter, co-conspirators entered the rooms at the targeted banks containing safe deposit boxes and used sophisticated camera equipment, including borescopes, to photograph the insides of locks of other individuals' safe deposit boxes (the "Victim Safe Deposit Boxes"). Another co-conspirator used these photographs to create duplicate keys for the Victim Safe Deposit Boxes. Thereafter, co-conspirators, including at times the defendant GARRI SMITH, entered the safe deposit box rooms, used the duplicate keys to open the Victim Safe Deposit Boxes, and stole their contents, including currency, gold bars, jewelry and other property.

5. The defendants and their co-conspirators committed and agreed to commit thefts in this manner in multiple countries, including the Ukraine, Russia, North Macedonia, Moldova, Latvia, Uzbekistan, Azerbaijan and France, in violation of the laws of those countries.

6. The defendants and their co-conspirators agreed to use the United States financial system in furtherance of these crimes. For example, a co-conspirator whose identity is known to the Grand Jury ("CC-1") used a credit card issued in the United States in CC-1's name (the "CC-1 Credit Card") to make multiple purchases to promote the bank

thefts, including, among other things (i) to purchase airline tickets to fly from, among other places, the Eastern District of New York to the locations of the thefts; and (ii) to rent hotel rooms for COOPER and the defendant GARRI SMITH, among others. The defendant ALEX LEVIN used bank accounts in the United States, including accounts located in the Eastern District of New York, among other things, to purchase sophisticated camera equipment used in the thefts, some of which was shipped to LEVIN's residence in the Eastern District of New York, and to launder the proceeds of those crimes.

### COUNT ONE
(Money Laundering Conspiracy)

7. The allegations contained in paragraphs one through six are reallaged and incorporated as if fully set forth herein.

8. In or about and between March 2015 and October 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VAL COOPER, also known as "Val Konon" and "Valeriy Kononenko," ALEX LEVIN and GARRI SMITH, also known as "Igor Berk" and "Igor Berkovich," together with others, did knowingly and intentionally conspire (i) to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, to wit: (a) offenses against one or more foreign nations involving fraud, and one or more schemes and attempts to defraud, by and against one or more foreign banks, in violation of the laws of the Ukraine, Russia, North Macedonia, Moldova, Latvia, Uzbekistan, Azerbaijan and France, as defined in Title 18, United States Code, Section 1956(c)(7)(B)(iii); and (b) offenses with respect to which the United States would be obligated by a multilateral treaty to extradite the alleged offender and to submit the case for

prosecution, if the offender were found within the territory of the United States, in violation of the laws of North Macedonia, Latvia and France, as defined in Title 18, United States Code, Section 1956(c)(7)(B)(vi) (collectively, the "Specified Unlawful Activities"), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (I) with the intent to promote the carrying on of specified unlawful activity, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (II) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); (ii) to transport, transmit and transfer monetary instruments and funds from one or more places in the United States to one or more places outside the United States, and to one or more places in the United States from one or more places outside the United States, (a) with the intent to promote the carrying on of specified unlawful activity, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1956(a)(2)(A); and (b) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of illegal activity, and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i); and (iii) to engage in monetary transactions in and affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000 that was

5

derived from specified unlawful activity, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1957(a).

(Title 18 United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT TWO
(Conspiracy to Violate the Travel Act)

9. The allegations contained in paragraphs one through six are reallaged and incorporated as if fully set forth herein.

10. In or about and between March 2015 and October 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VAL COOPER, also known as "Val Konon" and "Valeriy Kononenko," ALEX LEVIN and GARRI SMITH, also known as "Igor Berk" and "Igor Berkovich," together with others, did knowingly and intentionally conspire to travel in interstate and foreign commerce and to use one or more facilities in interstate and foreign commerce, to wit: cellular telephones, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit: the crime charged in Count One, and thereafter did perform and attempt to perform such promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3)(A).

11. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants COOPER, LEVIN and SMITH, together with others, did commit and cause the commission of, among others, the following:

6

## OVERT ACTS

(a) On or about October 21, 2015, LEVIN purchased camera equipment, which was paid for by one of COOPER's companies;

(b) On or about April 25, 2016, LEVIN purchased camera equipment, which was shipped from Ohio to LEVIN's residence in Brooklyn, New York;

(c) On or about July 11, 2017, COOPER sent an electronic message to LEVIN containing a photograph of a safe deposit box lock for sale;

(d) On or about December 31, 2017, CC-1 used the CC-1 Credit Card to purchase airline tickets for SMITH to fly on January 1, 2018 from John F. Kennedy International Airport in Queens, New York ("JFK") to Riga, Latvia;

(e) On or about January 1, 2018, CC-1 used the CC-1 Credit Card to pay for a hotel room for SMITH to stay in Riga, Latvia;

(f) On or about January 4, 2018, SMITH entered a bank in Riga, Latvia (the "Latvian Bank") and used duplicate keys to open and inspect other persons' safe deposit boxes;

(g) On or about January 6, 2018, CC-1 used the CC-1 Credit Card to purchase airline tickets for COOPER to fly on January 12, 2018 from JFK to Riga, Latvia;

(h) On or about January 8, 2018, CC-1 used the CC-1 Credit Card to pay for a hotel room for COOPER to stay at a hotel in Riga, Latvia (the "Hotel");

(i) On or about January 15, 2018, SMITH, together with others, stole property from safe deposit boxes at the Latvian Bank;

        (j)       On or about January 15, 2018, COOPER met with co-conspirators at the Hotel to, among other things, divide proceeds from the theft from the Latvian Bank; and

        (k)       On or about January 15, 2018, SMITH flew from Warsaw, Poland to JFK.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

12.    The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to: (i) the real property and premises located at 429 Kent Avenue, Apartment #511, Brooklyn, New York 11249, title to which is held in the name of a straw owner/nominee of the defendant VAL COOPER; and (ii) the real property and premises located at 429 Kent Avenue, Apartment #701, Brooklyn, New York 11249, title to which is held in the name of a straw owner/nominee of the defendant VAL COOPER.

13.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)       cannot be located upon the exercise of due diligence;

        (b)       has been transferred or sold to, or deposited with, a third party;

        (c)       has been placed beyond the jurisdiction of the court;

8

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
MARK J. LESKO
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#2018R00550
FORM DBD-34
JUN. 85

No. _____

## UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

VAL COOPER, *et al.*,

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1), 1956(h), 371 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

*Bail,* $ _____

*Keith D. Edelman, Assistant U.S. Attorney, (718) 254-6328*
*Joy Lurinsky, Assistant U.S. Attorney, (718) 254-6441*

Case 1:21-cr-00208-WFK *SEALED*   Document 1   Filed 04/15/21   Page 9 of 9 PageID #: 9